UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $39,300, U.S. CURRENCY, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against $39,300 in United States currency, Defendant in Rem.

*Nature of the Action*

1. This civil action in rem is being brought to enforce the civil forfeiture statues of 31 U.S.C. § 5317(c)(2) and 31 U.S.C. § 5332(c).

2. Under 31 U.S.C.A. § 5316(a), it is a crime for a person not to report that they are transporting more than $10,000 in United States currency into the United States. Any United States currency involved in a violation of 31 U.S.C. § 5316 is subject to civil forfeiture under 31 U.S.C. § 5317(c)(2).

3. Under 31 U.S.C. § 5332(a), it is a crime for a person with the intent to evade a currency reporting requirement, to knowingly conceal more than $10,000 in United States currency on their person or in any conveyance, article of luggage,

merchandise, or other container, and transports or attempt to transport such currency into the United States. Any currency involved in this violation and any property traceable to such violation or conspiracy is subject to forfeiture under 31 U.S.C. § 5332(c).

*Jurisdiction and Venue*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1355(a) because this is an action to enforce the civil forfeiture statues of 31 U.S.C. § 5317(c)(2) and 31 U.S.C. § 5332(c).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b) because the currency is in Houston, Texas.

*Defendant in Rem*

4. Defendant in Rem is $39,300 in United States currency which was seized in Houston, Texas.

*Facts*

5. On October 15, 2006, Yatong Li, ("Li"), arrived at Bush Intercontinental Airport, ("IAH"), in Houston, Texas, on Continental flight 1650 from Belize City, Belize. During inspection at IAH airport by United States Customs and Border Protection, ("Customs"), Li presented a signed Customs Declaration, form 6059b. On question 13 on Li's Customs Declaration, relating to the transportation of currency and monetary instruments over $10,000, there was no marking in either

the "Yes" or "No" block. Instead it appeared that the "No" block had been marked, then covered up with white correction fluid.

6. Customs Officer Kwan asked Li, in Chinese, how much currency she had. Li declared $9,000. "$9,000.00" was subsequently written on Li's Customs Declaration and signed by Li. Officer Kwan then asked Li, in Chinese, whether she was carrying more than $10,000. Li replied that she was not carrying more than $10,000. Li claimed ownership of the bag that she was carrying.

7. During inspection of Li's baggage, Customs Officers found several stacks of currency. Li was asked to remove her jacket, and did so. During inspection, Officers observed bulges in the front pockets of Li's pants. Li was asked if she had currency in her pockets, and she responded yes. Li was instructed to remove the currency from her pockets. Li then stated that there was no additional currency in her possession. Li was escorted to a secondary inspection room for currency verification.

8. While escorting Li to the secondary inspection room, Officers observed a bulge on Li's backside. Officer Kwan asked Li, in Chinese, whether she had any currency concealed anywhere on her body, and Li responded no.

9. Officers conducted a pat-down search of Li and discovered a lump in Li's brassiere. They instructed Li to remove the brassiere. They also discovered a lump in Li's groin area and asked Li to pull down her pants. Li pulled down her

pants, revealing two sanitary napkins between a girdle and her underwear. Li was asked to remove the napkins, and did so.

10. Inspection of Li's brassiere revealed that items were concealed in both cups of the bra. Inspection indicated that the bra had been altered, then re-stitched with black thread. Officers removed the stitching from Li's bra, and discovered $10,000 United States currency sewn into each cup of the bra. A total of $20,000 was found in Li's bra. Officers also discovered $5,000 U.S. currency concealed inside each of the two sanitary napkins found in Li's groin area. A total of $10,000 was found in the sanitary napkins. The total amount of currency in Li's possession, including $20,000 in Li's bra, $10,000 in sanitary napkins, and $9,397 found elsewhere on Li's person and in her baggage, was $39,397.

11. Li admitted that she had concealed currency on her person. Li claimed that she did this to prevent discovery of the currency in Belize, where she claimed Belizean law prohibits the export of over $5,000 currency. Li claimed that upon arrival in the United States from Belize, she kept the currency concealed on her person, and did not declare the currency to Customs, because she wanted to avoid delays in her travel.

12. The $39, 397 in United States currency in Li's possession was seized. $97.00 in United States currency was returned to Li for humanitarian purposes, and $39,300 was maintained in government custody.

*Relief Requested*

13. Plaintiff requests:

   a. An arrest warrant and summons, citing all persons having an interest in the defendant property to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by this Court,

   b. A judgment of forfeiture, and

   c. Costs and other relief to which the Plaintiff may be entitled.

Respectfully submitted,

Donald J. DeGabrielle, Jr.
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129
Houston, Texas 77208
Office (713) 567-9579
Fax (713) 718-3300

## VERIFICATION

I, David T. Goldman, Special Agent, United States Immigration and

Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this verified complaint for forfeiture in rem in *United States v. $39,300 in United States Currency*, and that the facts stated in the complaint are based upon my personal knowledge or from information obtained in the course of my investigation and are true and correct to the best of my knowledge and belief. Executed on December 11, 2006.

_____
David T. Goldman, Special Agent,
U. S. Immigration and Customs Enforcement