# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3925 |
| | § | |
| $39,300 U.S. CURRENCY, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This civil forfeiture action is before the Court on the June 8, 2007, *ex parte* letter to the Court's case manager, which has now been docketed as a Motion to Alter Judgment ("Motion") [Doc. # 13]. The letter is from Alfred S. Lui, counsel for Yatong Li, the person from whom the defendant currency was seized. The United States has filed its Response to Mr. Lui's Motion. It appearing that Li, through her counsel, had adequate notice of this forfeiture proceeding and failed to file a timely claim for the subject funds, the Motion is **denied**.

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th

Cir. 2002). Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory." *Id.* "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* at 479. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

In this case, the United States filed this civil forfeiture action on December 11, 2006. Subsequently, the United States gave notice to Ms. Li through her attorney, Mr. Lui [Doc. # 8], and to the public through publication [Doc. # 9]. The United States also provided Mr. Lui with a copy of new amendments to the applicable rules for forfeiture actions. *See* Response, Exh.1. Mr. Lui sent the United States a copy of a document entitled "Answer" but neither filed the Answer in the case nor filed a claim to the defendant currency. *See* Response, Exh. 2. The United States notified Mr. Lui that the Answer was not filed in the case. *See* Response, Exhs. 3, 4. The United States also advised Mr. Lui that Ms. Li was required to file a claim and an answer, and that she had done neither. *See* Response, ¶ G. No claim or answer was filed and, consequently, the United States moved for and obtained a default judgment. *See* Order [Doc. # 12].

The Motion presents no basis for the relief the Court believes Ms. Li seeks. It is undisputed that Ms. Li did not file a claim or an answer to the complaint. The only explanation for this failure is that the parties were discussing settlement. This is an inadequate reason for not complying with the procedural rules for civil forfeiture actions, particularly in light of the United States having provided a copy of the relevant rules and specific notice to Ms. Li that she needed to file a claim and an answer. Accordingly, it is hereby

**ORDERED** that Mr. Lui's June 8, 2007, letter, treated as a Motion to Alter Judgment [Doc. # 13] is **DENIED**.

SIGNED at Houston, Texas, this **22nd** day of **June, 2007**.

_____
Nancy F. Atlas
United States District Judge